JANVIER, Judge.
This suit for the cost of repairing an automobile results from a collision which did not take place. Plaintiff, in an effort to avoid what he thought was an impending collision, swerved his car to its right with the result that it skidded into a large utility pole, which was on the sidewalk, with the resulting damage, the cost of repairing which is admitted to have been $319.95, which is the amount sued for.
Plaintiff was driving his automobile in a southerly direction on North Peters Street, in St. Bernard Parish. The other automobile was being operated in a northerly direction on the same street by John T. Rooker, an employee of Ford Motor Company, and the Ford Motor Company had secured from Indemnity Insurance Company of North America a policy of liability and property damage insurance. That insurance company was therefore made defendant, though under an improper name. We may say here that that point is of no importance since the defendant answered in its proper name.
*98 The car driven by Rooker had come out of a driveway, of Ford Motor Company on North Peters Street and had been turned to its right by Rooker into the direction from which the plaintiff’s car was approaching. Rooker found it necessary to allow his car to swerve a considerable distance to its left and partially across the center line of the street because there were other automobiles parked at the curb to his right. As the two cars approached each other, Rooker swerved his car to the right in an effort to keep out of the path of plaintiff’s car, but plaintiff, believing that a collision was impending, swerved his car to its right and, the street being wet, skidded for a considerable distance into the utility pole on the sidewalk.
It is the contention of plaintiff that Rooker was negligent in allowing his car to cross the center line of the street and in failing to notice the car of plaintiff which was coming towards him, and in failing to yield the right of way.
It is the contention of defendant that there was no negligence on the part of Rooker, and, in the alternative that if there was negligence on his part, the plaintiff was guilty of contributory negligence in operating his car at an excessive rate of speed; in failing to maintain a proper lookout, and in losing control of his automobile when he applied his brakes. It is also the contention of defendant that there was no necessity for plaintiff to swerve his car to the right, and that there would have been no collision even had he not done so.
The testimony of the witnesses was not transcribed, but counsel have agreed as to what each witness said and the versions of counsel as to what each witness said is included in the record.
There was judgment in favor of plaintiff as prayed for and defendant has appealed.
We are convinced that in all probability there would have been a collision had not plaintiff swerved his car, and that what seemed to be an impending crash justified the action of plaintiff. The record leaves no doubt at all that Rooker permitted his car to swerve too far to its left directly into the path of plaintiff’s car. The only question is whether plaintiff himself was guilty of contributory negligence, and it is contended that this negligence consisted principally in driving his car at too high a rate of speed in view of the fact that the street was wet, and that, therefore, his car could not be stopped within the normal braking distance.
The witnesses differ as to the speed at which plaintiff’s car was being driven, he stating that the speed was about 20 to 25 miles an hour and the other witnesses stating that his speed was 30 to 35 miles per hour. The accident occurred in St. Bernard Parish and there is no acceptable evidence as to what was the speed limit on that street at that time.
A careful study of the statements of the various witnesses indicates that the speed of plaintiff’s car was not excessive and that it had no causal connection with the ensuing accident. The record does not convince us that that car skidded a distance of 90 feet as is contended, and we feel that, in view of the evidence, the District Court was correct in holding that there was no contributory negligence on the part of plaintiff. Certainly there is no manifest error.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.